# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

ELIAS QUINTANA,              )
                             )
        Plaintiff,           )
                             )
v.                           )    Case No. CIV-15-063-FHS
                             )
ROGER PARNAM, individually,  )
                             )
        Defendant.           )

## **FINDINGS AND RECOMMENDATION**

This matter comes before this Court on the referral from the presiding judge to conduct a hearing to determine the amount of damages associated with the default judgment entered against Defendant Roger Parnam ("Parnam"). By Order entered November 23, 2015, United States District Judge Frank H. Seay, the judge presiding over this case, referred this matter to the undersigned for the entry of Findings and a Recommendation as to the damages to which Plaintiff is entitled. To that end, this Court conducted a hearing on January 14, 2016 to receive evidence on Plaintiff's damages against Parnam in accordance with Fed. R. Civ. P. 55(b)(2). Hunt v. Inter-Globe Energy, Inc., 770 F.2d 145, 148 (10th Cir. 1985). Plaintiff appeared in person while Parnam appeared not.

Plaintiff contends Parnam worked as a maintenance man at an apartment complex owned by Plaintiff. He asserts that he was falsely arrested resulting in inappropriate criminal charges against him after an altercation occurred between he and Parnam. While Plaintiff spent considerable time at the hearing reciting the

various alleged transgressions by the other named Defendants in this action - all of whom have been dismissed from the case, the sole issue referred to this Court is the determination of the level of damages sustained by Plaintiff as a direct result of Parnam's actions brought about by the entry of a default judgment by Judge Seay against Parnam on November 23, 2015.

Plaintiff is a self-described minister and former attorney. He is not currently a member in good standing of any state bar. At the hearing, Plaintiff specifically referenced damage to his reputation, lost rental income, lost business income stemming from his bus business and fitness center, emotional distress, false arrest, and false imprisonment as the sources of his damages. Despite being given an opportunity to present documentation of the actual damages claimed, Plaintiff did not provide evidence of actual business losses except for vague references to reduced income. With regard to his alleged lost rental income, Plaintiff contends his arrest shied potential renters away from his apartment complex while admitting that a murder also occurred on the premises, which could have impacted the prospects for rental. He also stated he lost $250,000.00 in bus sales but did not provide supporting evidence that this alleged loss was attributable to the claims against Parnam in this case.

Plaintiff did testify as to his loss of approximately ten employees, requiring him to re-train new employees at a cost of

$10.00 per hour for 40 hours per employee.  While still somewhat unsubstantiated by supporting documentation, this Court will permit Plaintiff's testimony to stand in support of this loss.  Plaintiff will be awarded $4,000.00 for this claim.

Post-hearing, Plaintiff filed a written document alleging (1) legal fees for his time amounting to 600 hours already expended and 600 hours anticipated for the "completion for the appeal and remand to the district court" at $400.00 per hour; (2) expert fees for a mechanical engineer in the amount of $750,000.00; (3) relocation fees because Plaintiff's "LIFE is in danger" in the amount of $800,000.00; (4) additional legal fees "to try a felony case as quoted to me by two law firms" in the amount of $10,000.00; (5) lost income from Plaintiff's bus sales business of $7,500,000.00 over ten years; (6) "loss in business values" in the bus sales business which Plaintiff values at ten times the annual sales totaling $7,500,000.00; (7) lost income from his gym in the amount of $1,000,000.00 and lost value in the business of $250,000.00; (8) lost rental income from the apartment complex in the amount of $300,000.00, which Plaintiff estimates at $30,000.00 per year over ten years; (9) lost value of the apartment complex of $100,000.00; (10) "loss in future expansion" of $500,000.00; (11) damage to the Vaya Con Dios Ministries of $5,000,000.00 which Plaintiff explains is the "value to the poor in Central America and Africa"; (12) physical, emotional, and spiritual distress totaling $5,000,000.00;

and (13) punitive damages of $28,000,000.00. All told, Plaintiff asserts he is entitled to damages in the amount of $56,000,000.00 but is only asking for $12,000,000.00 consisting of $6,000,000.00 in actual damages and $6,000,000.00 in punitive damages.

"[W]hen a default judgment is entered on a claim for an indefinite or uncertain amount of damages, facts alleged in the complaint are taken as true, except facts relating to the amount of damages, which must be proven in a supplemental hearing or proceeding." United States v. Craighead, 2006 WL 936684, 2 (10th Cir.) (unpublished) quoting American Red Cross v. Community Blood Ctr. of the Ozarks, 257 F.3d 859, 864 (8th Cir. 2001). When "ruling on a motion for default judgment, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." Seme v. E & H Prof'l Sec. Co., Inc., 2010 WL 1553786, 11 (D.Colo.) (unpublished). However, "a plaintiff cannot satisfy the certainty requirement simply by requesting a specific amount. [The plaintiff] must also establish that the amount requested is reasonable under the circumstances." Hennecke, Inc. v. Advanced Bldg. Composites, LLC, 2010 WL 2464842, 2 (D. Kan.) (unpublished)(internal quotation marks and citation omitted).

In this case, Plaintiff has failed to prove his entitlement to the requested damages with sufficient certainty. As he stated at the hearing, he "can't put a price on what [he has] lost."

4

Unfortunately, Plaintiff is required to do just that when requesting a damage award after entry of a default judgment and to prove the basis for such damages. His allegations of business losses and valuation reductions are unsubstantiated with appropriate income documentation. Plaintiff is not a licensed lawyer and, therefore, cannot prosecute a claim for attorney's fees. The necessity of Plaintiff's proposed expert has not been demonstrated and the fee he sets forth for said expert are unreasonably exorbitant and unsupported. The alleged loss to his ministry is a loss to others and not himself or his businesses and is also unsubstantiated.

Undoubtedly, Plaintiff has suffered mental and emotional distress as a result of the allegations of this lawsuit. However, much of his distress was attributed by him to the other Defendants' actions which is not recoverable against Parnam. Plaintiff is found to have suffered $5,000.00 in distress damages as a result of Parnam's actions. Plaintiff's allegations do not substantiate an award of punitive damages.

BASED UPON THE FOREGOING, IT IS THE RECOMMENDATION OF THE UNDERSIGNED that Plaintiff be awarded damages in the total amount of $9,000.00 against Defendant Roger Parnam, individually and that default judgment be entered in that amount.

The parties are herewith given fourteen (14) days from the date of the service of these Findings and Recommendation to file

with the Clerk of the court any objections, with supporting brief. Failure to object to the Findings and Recommendation within fourteen (14) days will preclude appellate review of the findings made herein.

IT IS SO ENTERED this 18th day of February, 2016.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE